IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION, | § § § § § § § § § § § | |
| Plaintiff, | | |
| V. | | No. 3:14-CV-2056-N (BF) |
| OTTO VASQUEZ, ET AL., | | |
| Defendants. | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this removed civil action to the United States Magistrate Judge for pretrial management. Plaintiff Federal Home Loan Mortgage Corporation has filed a Motion to Remand the case to state court. For the following reasons, the Court recommends that the District Court GRANT Plaintiff's Motion to Remand.

**Background**

This case arises out of foreclosure proceedings initiated by Plaintiff against the real property located at 3028 San Frando Drive in Arlington, Texas (the "Property"). Plaintiff purchased the Property at a foreclosure sale held on January 7, 2014 and thereafter made written demand on Defendant Otto Vasquez and all occupants of the Property to vacate the Property. When Defendants refused to vacate, Plaintiff brought a forcible detainer action in the Tarrant County Justice of the Peace Court, Precinct 7 - Place 1. Defendant Vasquez then filed a notice of removal purporting to

1

remove the forcible detainer action to federal court.[1] Plaintiff timely filed the instant motion to remand on grounds that federal question jurisdiction is lacking. Defendants failed to file a response to Plaintiff's motion. Accordingly, the Court considers the motion without the benefit of a response.

## Legal Standard

Federal district courts are courts of limited jurisdiction and may hear only those cases authorized by a federal statute, treaty, or the United States Constitution. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Where, as here, a case is removed from state court to federal court, the party seeking removal must show that "federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *see also Shearer v. Sw. Serv. Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008) (removing party bears the burden of establishing federal jurisdiction). Any doubts as to the propriety of removal must be strictly construed in favor of remand. *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).

## Analysis

Defendants assert that the Court has jurisdiction over this case because it involves a federal question, specifically "the taking of real property by an illegal non-judicial foreclosure methodology without due process." Rem. Not. at 2. Federal question jurisdiction exists in all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. However, a claim "arises under" federal law only when the federal question is presented on the face of the plaintiff's "well-pleaded complaint." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004). Here, Plaintiff's

---

[1] The federal removal statute provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States *for the district and division embracing the place where such action is pending*." 28 U.S.C. § 1441(a) (emphasis added). The state court where the removed action was pending is located in the Fort Worth Division of the Northern District of Texas. *See id.* § 124(a)(2). Because federal subject matter jurisdiction is lacking, it is unnecessary to transfer this case to the Fort Worth Division.

petition presents only a cause of action for forcible detainer. Def. App., Ex. 6. Forcible detainer actions are governed by the Texas Property Code and are purely questions of state law. *See* TEX. PROP. CODE. ANN. § 24.001, *et seq*.; *Wells Fargo Bank, N.A. v. Ford*, No. 3:12-CV-4717-M-BF, 2013 WL 1103274, at *2 (N.D. Tex. Feb. 19, 2013), *rec. adopted*, 2013 WL 1123249 (N.D. Tex. Mar. 18, 2013). Plaintiff's petition thus fails to raise a federal claim and provides no basis for federal question jurisdiction. *Fed. Nat'l Mortg. Ass'n v. Elliott*, No. 3:10-CV-1321-L, 2010 WL 4627833, at *3 (N.D. Tex. Nov. 16, 2010).

Defendants' vague references in the removal notice to "due process" are insufficient to support the exercise of federal question jurisdiction. *See Scojo Solutions v. Mitchell*, No. 3:12-CV-3814-M, 2012 WL 5933056, at *2 (N.D. Tex. Oct. 31, 2012), *rec. adopted*, 2012 WL 5935407 (N.D. Tex. Nov. 26, 2012) (assertion of federal claim by defendant in notice of removal will not support the exercise of federal question jurisdiction over state forcible entry and detainer action); *see also Fed. Nat'l Mortg. Ass'n v. Flores*, No. 3:13-CV-2558-M-BH, 2013 WL 3870283, at *2 (N.D. Tex. July 26, 2013) (remanding case where defendant similarly alleged federal question jurisdiction existed because case involved "the taking of real property by an illegal nonjudicial foreclosure methodology without due process"); *Deutsche Bank Nat'l Trust v. Broussard*, No. 3:13-CV-1400-M-BF, 2013 WL 3185919, at *2 (N.D. Tex. June 24, 2013) (same).

Nor is removal proper based on Defendants' passing references to diversity jurisdiction and 28 U.S.C. § 1332.[2] Rem. Not. at 2. In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. 28 U.S.C.

---

[2] Although Plaintiff does not address this basis for subject matter jurisdiction in its motion to remand, the Court has an independent duty to examine the basis of its own subject matter jurisdiction and *sua sponte* questions whether diversity jurisdiction exists. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

§§ 1332(a), (b). Where, as here, no amount of damages has been alleged in the state court petition, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995). The amount in controversy in a forcible detainer action is the value of the right to occupy or possess the property at issue. *U.S. Bank Nat'l Ass'n v. Rudd*, No. 3:10-CV-2440-L, 2011 WL 539120, at *4 (N.D. Tex. Feb. 7, 2011). Defendants have wholly failed to allege – much less establish – the value of the right to possess the Property. Because the amount-in-controversy requirement has not been met, the Court lacks diversity jurisdiction.

Finally, Defendants, who are residents of Texas, appear to have removed this case in violation of the "forum-defendant" rule which precludes removal on the basis of diversity jurisdiction if any defendant, properly joined and served, is a citizen of the state where the plaintiff filed suit. 28 U.S.C. § 1441(b). Although a violation of the forum-defendant rule renders the removal defective, *see In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 391 (5th Cir. 2009), such a defect is procedural in nature and must be raised by the plaintiff within thirty days of removal. *See* 28 U.S.C. § 1447(c); *In re 1994 Exxon Chemical Fire*, 558 F.3d at 393, 396. Plaintiff did not object to removal on the basis of the forum-defendant rule, and thus the Court does not rely on this defect to support its conclusion that remand is appropriate.

**RECOMMENDATION**

For the foregoing reasons, the District Court should GRANT Plaintiff's Motion to Remand (Doc. 5) and REMAND this case to the state court from which it was removed.

SO RECOMMENDED, October 8, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).